No. 95-4171

The Estate of Alexander          *
Williams, deceased, by           *
the Executor of their            *
Estate, Alexander Williams,      *
Jr.; The Estate of Mary M.       *
Williams, deceased, by the       *
Executor of their Estate,        *
Alexander Williams, Jr.,         *
                                 *
          Appellants,            *
                                 *
     v.                          *
                                 *
Quorum Ct., of Jackson County,   *    Appeal from the United States
Arkansas; Joe Kinder; Bob        *    District Court for the
Penix; Norman E. Madden; Harry   *    Eastern District of Arkansas.
Grizzle; Tommy Gardner; Frank    *
Sanford; Frank Durham; Norris    *        [UNPUBLISHED]
West; C.T. Holcombe, also known  *
as Punch Holcombe; Jerry         *
Carlew, County Judge, Jackson    *
County, Arkansas; Donald L.      *
Ray, Individually and as         *
Sheriff of Jackson County,       *
Arkansas; Jackson County,        *
Arkansas,                        *
                                 *
          Appellees.             *

                  Submitted:  February 7, 1997

                      Filed:  February 12, 1997

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

PER CURIAM.

     Alexander Williams, Jr. (Williams)--executor of the estates of his
parents, Alexander and Mary--brought a 42 U.S.C. § 1983 action

claiming that their deaths resulted from due process violations by Jackson County and certain of its officials, including Sheriff Donald L. Ray. Williams's brother Gary, a paranoid schizophrenic, shot and killed their parents seventeen days after his early release from the county jail; he had served three months of a six-month sentence imposed by the municipal court for terroristic threats and false imprisonment of the parents. At trial, the district court[1] denied Williams's motion for judgment as a matter of law (JAML), and subsequently entered judgment on the jury's verdict for defendants. Williams appeals, and we affirm.

At trial, the municipal court judge who had sentenced Gary testified that, within two weeks of sentencing, Alexander had asked him to release Gary from jail; the judge eventually consulted Sheriff Ray and released Gary after three months.

Social worker Johnny White testified that because the parents had previously wanted Gary out of their home, he had advised them about seeking guardianship and getting Gary into a group home; they refused to follow his suggestions. White testified that while Gary's parents were concerned Gary would be released from jail and wanted him incarcerated until they could obtain a commitment order, Alexander was also considering taking him home.

Sheriff Ray testified that Gary exhibited no mental problems during his incarceration; the visitor's log showed Alexander visited Gary eight times during that period; and Alexander met with Ray a few times to request Gary's release. Ray testified prisoners were released only when they had served their sentence or when the sentencing judge approved early release, as in Gary's case; and he had received no complaints from the parents following Gary's release to his father. Other sheriff's department personnel

---

The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

-2-

corroborated this testimony.

Williams testified that, before Gary's municipal court incarceration, his behavior had become increasingly erratic and abusive, the parents were afraid of Gary and frequently asked Sheriff Ray for help with Gary, and they wanted Gary out of the house permanently. When Williams spoke by telephone with his father several hours before the murders, Alexander complained that the sheriff could not keep Gary unless Alexander turned over Gary's social security check. Alexander had not told him Gary had been released, but Williams heard Gary making noises in the background. Williams assumed Gary's "spell" would end in thirty to forty minutes as usual; he had no idea Gary would kill their parents.

The court denied Williams's motions for JAML at the close of his evidence and close of all the evidence, and Williams did not file any post-verdict motions. On appeal, Williams argues that the evidence established Ray's liability as a matter of law. Because Williams failed to renew his motion after the verdict, we review for plain error to prevent a manifest miscarriage of justice. See James E. Brady & Co. v. Eno, 992 F.2d 864, 868 (8th Cir. 1993).

The Due Process Clause does not impose an affirmative duty on state actors to protect citizens from violence inflicted by private actors. See Davis v. Fulton County, 90 F.3d 1346, 1350 (8th Cir. 1996) (citing DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195-96 (1989)). DeShaney recognized that a duty to protect may arise in a custodial or other setting where the state has limited the citizen's ability to care for himself. See id. We have found a second exception to DeShaney where the state actor places a particular citizen in a position of danger she would not have otherwise faced by creating a unique risk of harm to the plaintiff greater than that faced by the general public. See id.

The evidence here established that the municipal court judge

-3-

ordered Gary's early release; that Alexander wanted Gary out of jail; that nobody--including Williams--anticipated Gary would kill his parents; and that Gary's parents were offered, and refused, alternative methods for removing Gary from their home.  We conclude the district court did not plainly err in denying Williams's motion for JAML, because there was sufficient evidence for the jury to conclude no due process violation occurred.  Cf. Wells v. Walker, 852 F.2d 368, 369, 371 (8th Cir. 1988) (no due process violation where department of corrections transported and left prisoner--who had been released early because of prison overcrowding--at deceased's store to wait for next bus; defendants' failure to discover prisoner's potential for violence was only negligent).

Accordingly, we affirm.

A true copy.

Attest:

    CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.